Argued and submitted December 7, 1984, reversed and remanded April 17, reconsideration denied June 5, petition for review allowed August 27, 1985 (299 Or 732)
See 300 Or 317 (1985)

# SUN SOLUTIONS, INC.,
*Appellant,*

*v.*

# BRANDT et ux,
*Respondents.*

(83-1071; CA A32006)

698 P2d 527

Martha M. Hicks, Portland, argued the cause for appellant. With her on the brief were Duffy, Gibson & Hicks, Portland.

Jerry K. Brown, McMinnville, argued the cause for respondents. With him on the brief were Cummins, Cummins, Brown & Goodman, P. C., McMinnville.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment in this construction lien foreclosure action, *see* ORS 87.060, entered after the court granted defendant's motion to dismiss the complaint. ORCP 21. Plaintiff pleaded that, on December 27, 1982, at the request of the contractor, it had furnished material valued at $1,654.72, which was used and incorporated into defendants' dwelling and that

> "[w]ithin ten days after the date of delivery by Plaintiff of said materials, Plaintiff caused to be delivered to Defendants [the owners of the site] a written notice by certified mail, return receipt requested, stating that Plaintiff had commenced to deliver materials for use on said property at the request and order of [the contractor] and that a lien may be claimed therefor."

Plaintiff also pleaded that, on December 27, 1982, it had fully performed its part of the contract but had not been paid. Defendants moved to dismiss the complaint on the ground that plaintiff did not allege that it gave defendants the materialman's notice "during the progress of the improvement." We reverse.

ORS 87.021(1)[1] provides:

> "Except when material or labor described in ORS 87.010(1) to (3), (5) and (6) is furnished at the request of the owner, a person furnishing any materials or labor described in ORS 87.010(1) to (3), (5) and (6) for which a lien may be claimed under ORS 87.010 *shall* give a notice of the right to lien to the owner of the site. The notice of the right to lien *may* be given at any time during the progress of the improvement, *but* the notice only protects the right to claim a lien on those materials and that labor provided after a date which is 10 days before the notice is delivered or mailed * * *." (Emphasis supplied.)

■■ ORS 87.021(1) does not require that the notice *shall,* but only that it *may,* be given at any time during the progress of the improvement. ORS 87.021(1) also provides that the notice only protects the right to claim a lien for materials and

---

[1] The section quoted is the version adopted by 1981 Oregon Laws, chapter 757, section 3. The section was amended again in 1983, but the language "the notice of the right to lien may be given at any time during the progress of the improvement" was not changed. *See* Or Laws 1983, ch 764, § 1, and ch 757, § 1.

labor provided after a date which is ten days before the notice is delivered or mailed. The claimant will lose its right to claim a lien if it waits more than ten days after it last provides materials or labor.

██ ORS 87.021(1), however, did not *require* that plaintiff give the notice during the progress of the improvement. If we were to read the statute to impose that requirement, plaintiff would have been obliged to deliver the notice on the same date that it delivered the materials and would not have had the benefit of the 10-day grace period—a result that the statute would have required if the word "shall" and not "may" had been used in the second sentence.[2] The trial court erred when it ruled that plaintiff had to plead that it had given the materialman's notice during the progress of the improvement, dismissed the complaint and gave judgment for defendants.

Reversed and remanded.

---

[2] ORS 87.023, as enacted in 1981 (Oregon Laws 1981, chapter 757, section 5), provides that the notice required under ORS 87.021 shall include the information that a lien may be claimed for all materials, labor and services furnished after a date that is 10 days before the notice was mailed. It does not require that the notice state that it is given during the progress of the improvement.