Argued and submitted October 1, Court of Appeals reversed and judgment of circuit court reinstated November 26, 1985

## SUN SOLUTIONS, INC.,
*Respondent on review,*

*v.*

## BRANDT et ux,
*Petitioners on review.*

## (CC 83-1071; CA A32006; SC S31815)

709 P2d 1079

Jerry K. Brown, of Cummins, Cummins, Brown & Goodman, P.C., McMinnville, argued the cause and filed the petition for petitioners on review.

K. William Gibson, of Duffy, Gibson & Hicks, Portland, argued the cause for respondent on review.

JONES, J.

**JONES, J.**

Plaintiff, a building material supplier, brought an action against defendants, homeowners, to foreclose a construction lien pursuant to Oregon's Construction Lien Law. ORS 87.001 to 87.060, and 87.075 to 87.093. The trial court dismissed plaintiff's complaint because plaintiff failed to plead that notice of the right to claim a lien was given to defendants "during the progress of the improvement" as required by ORS 87.021(1). The Court of Appeals reversed and remanded, holding that the material supplier was not required to give notice during the progress of the improvement. 73 Or App 330, 698 P2d 527 (1985). We allowed review to decide the proper interpretation of this statute.

In 1982, defendant homeowners, Vernon and Myrna Brandt, contracted with Solar Dynamics Northwest, Inc., to install a solar water heating system in their home. Solar Dynamics, in turn, purchased material for use in the construction of the solar system from plaintiff, Sun Solutions, Inc. Plaintiff delivered those materials to Solar Dynamics at the defendants' home on December 27, 1982. The solar system was constructed and installed on that same date. Subsequent to the completion of the improvement, but within 10 days of delivery, plaintiff notified defendants of plaintiff's right to claim a lien for providing those materials. After Solar Dynamics failed to pay plaintiff for the materials, plaintiff filed a claim of lien and commenced this action.

Plaintiff alleged that it delivered a notice of right to lien to defendants within 10 days of delivering the construction materials. Defendants moved to dismiss the complaint on the grounds that plaintiff failed to allege that notice was delivered during the progress of the improvement. The trial court granted defendants' motion based on its interpretation of ORS 87.021.

ORS 87.021[1] provided in part:

"(1)   Except when material or labor * * * is furnished at

---

[1] The section quoted is the version adopted by Oregon Laws 1981, chapter 757, section 3. In 1983 the section was again amended, changing the time period from 10 days to eight days, but the language "the notice of the right to lien may be given at any time during the progress of the improvement" was not changed. *See* Or Laws 1983, ch 674, § 1, and ch 757, § 1.

the request of the owner, a person furnishing any materials or labor * * * for which a lien may be claimed under ORS 87.010 shall give a notice of the right to lien to the owner of the site. The notice of the right to lien *may be given at any time during the progress of the improvement,* but the notice only protects the right to claim a lien on those materials and that labor provided after a date which is 10 days before the notice is delivered or mailed * * *.

"(2)    The notice required by subsection (1) of this section shall be substantially in the form set forth in ORS 87.023." (Emphasis added.)

The trial court concluded that the phrase "may be given at any time during the progress of the improvement" defines the period of time in which the notice must be given.

The Court of Appeals reversed the trial court, stating:

"ORS 87.021(1) does not require that the notice *shall,* but only that it *may,* be given at any time during the progress of the improvement. ORS 87.021(1) also provides that the notice only protects the right to claim a lien for materials and labor provided after a date which is ten days before the notice is delivered or mailed. The claimant will lose its right to claim a lien if it waits more than ten days after it last provides materials or labor." 73 Or App at 332-33 (emphasis in original).

The Court of Appeals concluded that the trial court erred when it ruled that plaintiff had to plead that it had given notice during the progress of the improvement, dismissed the complaint and gave judgment for defendants. We hold that the trial court was correct, reverse the Court of Appeals, and reinstate the trial court judgment.

The issue before us is whether a supplier of materials that supplies materials at the request of someone other than the owner of the site must give notice of its right to claim a lien during the progress of the improvement.

■    Construction lien laws are designed to protect laborers and material suppliers who expend their labors or material upon the buildings of others. These laws were unknown to the common law and are purely statutory. Before plaintiff can avail itself of such a lien for material furnished, it must comply with the statutory conditions to the existence of

such a lien. *Lemire v. McCollum,* 246 Or 418, 425 P2d 755 (1967).

The Oregon Construction Lien Law provides that any person furnishing materials to a construction site that are to be used in the construction of an improvement shall have a lien upon the improvement for the furnished materials.[2] The lien will not be enforced, however, unless the notice is given in accordance with the Construction Lien Law.[3]

██ ██ We agree with the trial court that the statutory language "during the progress of the improvement" establishes the time limits within which notice of the right to claim a lien must be given. The use of the word "may" in connection with giving notice in ORS 87.021(1) connotes only the right of a material supplier to exercise choice in giving the notice. A material supplier is not required by law to claim a lien on property, but may choose to do so. If the supplier makes that choice, the supplier must comply with ORS 87.021(1) by providing notice during the progress of the improvement.

Statutory notice informs a homeowner about the law and about the claim, and gives the homeowner an opportunity to protect himself. ORS 87.023 provides an example of what a material supplier is required to include in the notice. It is required that the notice include:

> "NOTICE OF THE RIGHT TO LIEN WARNING: READ THIS NOTICE. PROTECT YOURSELF FROM PAYING ANY CONTRACTOR OR SUPPLIER TWICE FOR THE SAME SERVICE.

"* * * * *

---

[2] ORS 87.010(1) provides:

"Any person performing labor upon, transporting or furnishing any material to be used in, or renting equipment used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished or equipment rented at the instance of the owner of the improvement or his construction agent."

[3] ORS 87.021(3) provides:

"A lien claimed under ORS 87.010(1) to (3), (5) or (6) shall not be enforced unless the notice required by subsection (1) of this section is given."

"WAYS TO PROTECT
YOURSELF ARE:

"- RECOGNIZE that this notice of delivery of materials, labor or services may result in a lien against your property unless all those supplying a notice of the right to lien have been paid.

"* * * * *

"- WHEN PAYING your contractor for materials, labor or services, you may make checks payable jointly to the contractor and the firm furnishing materials, labor or services for which you have received a notice of the right to lien."

Once notice is given during the progress of the improvement, the notice relates back to permit the inclusion of all materials supplied within the last 10 days. ORS 87.021(1). The Court of Appeals implied that the 10-day period referred to in the statute is a "grace period" in which to file a claim. 73 Or App at 332. We do not agree. The 10-day period provided in ORS 87.021(1) relates to the retroactive effect of a material supplier's right to claim a lien. The lien is limited to only those materials delivered during the preceding 10 days and thereafter.

In 1981, House Bill 2856 (A-Eng), amending ORS 87.021(1), provided in pertinent part:

"* * * [A] person furnishing any materials or labor * * * shall give a notice of [the right] to lien to the owner of the site. The notice of [the right] to lien shall be given not later than 10 days after the date on which the supplier provides labor or material for which a lien may be claimed, and is not required for any subsequent labor or material. The notice of [the right] to lien may be given at any time during the progress of the improvement, but the notice only protects the right to claim a lien on those materials and that labor provided after a date which * * * is 10 days before the notice is delivered or mailed * * *." (Brackets contain hand-engrossed language.)

Representative Norm Smith wrote an analysis of the bill, warning the House Judiciary Conference Committee that the proposed amended language of ORS 87.021(1) was ambiguous and could be interpreted in one of four ways:

"(i)    that notice must be given within 10 days after the first delivery or first furnishing of labor;

"(ii)   that notice must be given within 10 days after any part of the labor or materials is provided;

"(iii)   that notice must be given before the improvement is completed; or

"(iv)   that notice can be provided at any time while the improvement is in progress." Minutes, House Judiciary Committee Conference Committee (July 29, 1981, Ex A, p 1, statement of Rep. Norm Smith).

The legislature then responded by making further amendments so that the final wording of the 1981 amendments to the statute read as follows:

"* * * [A] person furnishing any materials or labor * * * shall give a notice of the right to lien to the owner of the site. The notice of the right to lien may be given at any time during the progress of the improvement, but the notice only protects the right to claim a lien on those materials and that labor provided after a date which is 10 days before the notice is delivered or mailed * * *."

We can sympathize with the Court of Appeals' interpretation of the statute because the amendments did not eliminate the ambiguity. The Court of Appeals read the statute to imply a 10-day grace period after delivery of the materials before notice of right to lien must be filed. However, the main purpose of the legislation was to protect the consumer from double payment.[4] To accomplish this purpose, notice of the right to lien must be given during the progress of construction.

Other interpretations, including the Court of Appeals interpretation, could trap unwary consumers, causing them to bear considerable expense or forfeit property because of contractors who fail to pay material suppliers. A material supplier with knowledge of the law can prevent double payment in situations such as this by providing notice to lien when materials are delivered. Consumers, on the other hand, who may be unaware of the law and who may not be concerned

---

[4] Representative Norm Smith's analysis of HB 2856 states that the bill "expands on the protections afforded to a consumer with respect to the foreclosure of construction liens" Minutes, House Judiciary Committee Conference Committee (July 29, 1981, Ex A, p 1, statement of Rep. Norm Smith).

about their contractor paying suppliers, would not be protected from paying twice for the same service.[5]

The Court of Appeals is reversed and the judgment of the circuit court is reinstated.

---

[5] Concern for protecting the homeowner was echoed by Representative Wayne Fawbush in testimony before the 1981 House Judiciary Committee, when he said:

"* * * Unless steps are taken to protect the homeowner, more people will be forced to pay twice for home construction and improvements.

"Under Oregon's lien laws, laborers or materials suppliers can lien against property to recover for cost of improvements to a building site. Even if the homeowner has paid a general contractor in full, the supplier or sub-contractor will look to the property as a way of getting paid, rather than looking to the general contractor.

"There has been little sentiment from this assembly to change the lien laws to remove the homeowner from liability if the contractor has been paid. But members of the industry, anticipating that this problem will become more severe in the next two years, have worked closely with us to upgrade the notice system built in the lien laws so that each homeowner will be aware of the liabilities and responsibilities inherent in a property improvement contract.

"Representatives of the sub-contractors and suppliers feel it is essential that the homeowner be better informed, and strongly support the contents of this bill." Minutes, House Judiciary Committee (June 25, 1981, Ex K, HB 2856, testimony of Rep. Wayne Fawbush).